UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC CINA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:23-CV-00384-MMD-CLB<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>[ECF No. 24] |

Before the Court is Plaintiff Eric Cina's ("Cina") motion to compel and addendum to the motion to compel. (ECF Nos. 24, 25.) Defendant Marvin Gonzalez ("Gonzalez") responded, (ECF No. 26), and Cina replied, (ECF No. 27). For the reasons discussed below, the motion is granted.

I.    **LEGAL STANDARD**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an

order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

II.    **DISCUSSION**

On May 14, 2025, Cina filed his motion to compel, which alleges (1) Gonzalez failed to meet and confer with Cina after he sent a letter on May 1, 2025; (2) Gonzalez failed to produce responses to a second set of interrogatories; and (3) Gonzalez failed to produce responses to a second set of Request for Production of Documents (RFP). (ECF No. 24.) On May 27, 2025, Cina filed an addendum to the motion to compel, indicating that he kited Lovelock Correctional Center for video footage and was informed the footage

does not exist. (ECF No. 25.)

Gonzalez filed his response to the motion to compel on May 28, 2025. (ECF No. 26.) In his response, Gonzalez states that a meet and confer happened on May 21, 2025 and the parties "were able to come to an amicable resolution regarding Cina's Motion." (*Id.* at 2.) Specifically, Gonzalez states that Cina informed defense counsel of his concerns regarding discovery and agreed to provide Gonzalez until June 25, 2025, to respond to Cina's second set of Interrogatories and RFPs. (*Id.* at 4.) Notably, Gonzalez does not explain why he failed to produce responses to the second set of Interrogatories or RFPs. (*See id.*) In his reply, Cina disputes that the parties reached an amicable resolution regarding the discovery dispute. (*See* ECF No. 27.)

Having reviewed the motion, the Court finds that Cina has met his initial burden of informing the Court why a motion to compel is warranted. *See Harris*, 2019 WL 4274010, at *1. The burden now shifts to Gonzalez to show why this discovery should not be permitted. Gonzalez does not dispute that discovery should be permitted, but instead essentially argues that an extension of time should granted. However, the parties cannot unilaterally decide to extend discovery deadlines without the Court's permission. The scheduling order and discovery plan entered in this case explicitly states that responses to written discovery must be served within 30 days after the request is served. (ECF No. 21 at 3.) The order goes on to state that if a party requires additional time to serve responses, the party who requires an extension must meet and confer with the opposing party to attempt to reach a stipulation regarding a new deadline and if such a stipulation is reached the stipulation must be filed with the court. (*Id.* at 4.) Defense counsel shall refrain from this type of behavior in the future or risk being sanctioned. In sum, Gonzalez has not met his burden. *See Blankenship*, 519 F.2d at 429. Accordingly, Cina's motion to compel, (ECF No. 24), is granted. Gonzalez is directed to provide the requested discovery within 7 days of the date of this order.

///

///

III. CONCLUSION

Accordingly, **IT IS ORDERED** that Cina's motion to compel, (ECF No. 24), is **GRANTED**. Defendants must provide the requested discovery by **June 25, 2025.**

**DATED**:   June 18, 2025   .

_____
**UNITED STATES MAGISTRATE JUDGE**