UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIC CINA,<br><br>        Plaintiff,<br><br>   v.<br><br>GONZALES, *et al.*,<br><br>        Defendants. | Case No. 3:23-CV-00384-CLB[1]<br><br>**ORDE DENYING MOTION FOR LEAVE TO AMENDED COMPLAINT**<br><br>[ECF No. 32] |

Before the Court is Plaintiff Eric Cina's ("Cina") motion for leave to file a second amended complaint, along with the proposed second amended complaint. (ECF Nos. 32; 32-1.) Defendants Marvin Gonzales and Nevada Department of Corrections ("NDOC") (collectively referred to as "Defendants") opposed the motion, (ECF No. 34). Cina had until August 5, 2025 to file a reply but as of the date of this order, failed to do so. For the reasons discussed below, Cina's motion for leave to file an amended complaint, (ECF No. 32), is denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Cina is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Lovelock Correctional Center ("LCC"). Cina initiated this action on August 4, 2023, by filing a civil rights complaint. (ECF No. 1-1.)

Pursuant to 28 U.S.C. § 1915A, the District Court screened Cina's complaint on June 18, 2024, and allowed him to proceed on a First Amendment retaliation and conspiracy claim against Defendant Gonzales and Doe Defendants and an Eighth Amendment excessive force claim against Doe Defendants. (ECF No. 3.) The District Court filed his complaint and entered a stay to allow the parties an opportunity to settle the case. (*Id.*; ECF No. 4.)

---

[1] The parties consented to having the undersigned conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil of Procedure 73. (ECF No. 23.)

On June 24, 2024, Cina filed his first amended complaint which was stricken on July 12, 2024 by the District Court for failure to sign the proposed amended complaint. (ECF No. 7.) Cina refiled his first amended complaint on July 17, 2024. (ECF No. 8.) The District Court screened and found the first amended complaint to be the operative complaint and allowed Cina to proceed on a First Amendment retaliation claim against Gonzales and Doe Defendants, a First Amendment conspiracy claim against Gonzales and Doe Defendants, and an Eighth Amendment excessive force claim against Doe Defendants. (ECF No. 11.)

The parties failed to reach a settlement at mediation, (ECF No. 13), and Defendants file their answer on December 2, 2024, (ECF No. 16.) Following a case management conference, the Court entered a scheduling order and discovery plan. (ECF Nos. 20; 21.) The scheduling order in this case required any amended pleadings to be filed by March 7, 2025. (ECF No. 21 at 6.) On July 15, 2025, over four months after the deadline to amend his pleadings, Cina filed the instant motion for leave to amend, along with his proposed second amended complaint. (ECF Nos. 32, 32-1.) Defendants opposed the motion. (ECF No. 34.) Cina had until August 5, 2024, to file his response but as of the date of this Order, failed to do so.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### III.   DISCUSSION

On July 15, 2025, Cina filed the instant motion for leave to file a second amended complaint. (ECF No. 42.) Cina seeks to amend his complaint in several ways. He first seeks to pursue a fourth claim under the Eight Amendment for improperly denying him access to medical care. (ECF No. 32-1 at 10.) He alleges Investigator Fonoimoana, Senior Correctional Officer Few, and Officer Pascual denied him access to health care on August 4, 2022. (*Id.*) Defendants point out that Cina never previously asserted a claim of improper denial of access to medical in his prior complaints. (ECF No. 34 at 4 (citing ECF Nos. 4; 8).) Defendants argue this claim is untimely and futile and that Cina does not provide any good cause as to why this claim should be permitted nearly five months after the deadline to move to amend his complaint. (*Id.* at 5.)

Cina also seeks to name Officer Pascual under his excessive force claim. (ECF No. 32-1 at 7-9.) Defendants argue they provided Cina with the names of the officer who

took part in the August 4, 2022 search on February 10, 2025, which gave Cina more than sufficient to time to amend his complaint prior to the March 7, 2025 deadline. (ECF No. 34 at 5.)

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; *see also* LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (*citing* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Moreover, pursuant to Local Rule 26-3, any request made after this 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220,

1223-24 (9th Cir. 2000) (internal quotations omitted) (citing *Pioneer*, 507 U.S. at 395). The Court should "take into account all the relevant circumstances" when considering these factors. *Cap. One, Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. 2:17-cv-00604-RFB-NJK, 2020 WL 6271199 at *4 (D. Nev. Oct. 26, 2020); *see also Pioneer*, 507 U.S. at 395.

The Court finds Cina's motion to amend to be untimely. Cina asserts he seeks to amend in "good faith," but he does not provide any reason why he waited more than four months following the deadline to amend his complaint to file this motion. (*See* ECF No. 32.) Good cause or excusable neglect could warrant extend time to the file, but Cina does not assert a reason why he was unable to seek amended before March 7, 2025. Thus, Cina's motion does not warrant extending time to file his motion for leave to amend.

However, even if the motion to amend was not untimely, reviewed Cina's proposed amended pleading, which seeks to add a new claim and substitute a defendant, the Court also finds that the bulk of the *Desertrain* factors weigh against allowing amendment. Cina's new Eighth Amendment claim for improper denial of access to medical care is likely futile because he seeks the claim past the two-year statute of limitations. *See Pamplin v. Baker*, No. 3:20-CV-00043-MMDCLB, 2022 WL 17418573, at *4 (D. Nev. Nov. 15, 2022), *report and recommendation adopted*, No. 3:20-CV-00043-MMD-CLB, 2022 WL 17418037 (D. Nev. Dec. 5, 2022) ("[I]n Nevada, the statute of limitations for § 1983 actions is two years."). Furthermore, substituting Defendant Gonzales as part of Cina's third claim and permitting Cina to pursue his new claim would cause undue delay and prejudice with regards to extensions of discovery and service upon new defendants. Therefore, the Court concludes that amendment is improper, and accordingly, Cina's motion is denied.

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, **IT IS ORDERED** that Cina's motion for leave to file an amended complaint (ECF No. 32) is **DENIED.**

///

///

**IT IS FURTHER ORDERED** that the first amended complaint, (ECF No. 8), screening order (ECF No. 11), and scheduling order, (ECF No. 21), remain operative in this case.

**DATED**: August 7, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**