UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC CINA,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Defendants. | Case No. 3:23-CV-00384-CLB<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[ECF No. 44] |

Before the Court is Defendant's motion for leave to file an exhibit under seal in support of their motion for summary judgment. (ECF No. 44.)

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Here, Defendants seek to file an exhibit under seal in connection with the motion

for summary judgment, which are "more than tangentially related" to the merits of a case. Therefore, the compelling reasons standard applies.

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Here, the referenced exhibit contains the Lovelock Correctional Center's Operational Procedure, which relates to the steps and procedures the prison takes prior to conducting searches, how information is gathered for cell searches, and other operation procedures. (*See* ECF No. 44 at 2.) Defendants assert that public access to this exhibit would increase risk that offenders may learn some of these procedures, which prison officials rely upon to maintain safety and security of the facility. (*Id*.) Courts generally defer to the judgement of prison officials in the matters of security. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). *See also Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2009). Balancing the need for the public's access to information against the need to maintain the confidentiality of the exhibit which protects the safety and security of the institution and Plaintiff, the Court finds that these competing interests weigh in favor of sealing the exhibit. Therefore, Defendant's motion to seal, (ECF No. 44), is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** November 7, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**